UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS MARINO,

    Petitioner,

Case No. 11-cv-13692

HONORABLE VICTORIA A. ROBERTS

v.

J.S. WALTON,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Louis Marino filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the results of a prison disciplinary proceeding. Petitioner says that the prison violated his due process rights when it disallowed him 27 days good conduct time as a penalty for taking bread from the prison dining hall. Petitioner asks this Court to issue an order restoring his good conduct time.

The Court denies the petition.

**I.**

Petitioner is a federal prisoner confined at the Federal Correctional Institution (FCI), Milan, Michigan. He is serving a 25 year sentence of imprisonment for conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, and conspiracy to commit illegal gambling, 18 U.S.C. § 371. His projected release date is February 24, 2016.

On July 31, 2010, Lieutenant B. W. Ellis filed an incident report concerning Petitioner. Ellis reported that he observed Petitioner that morning "attempting to exit the Dining Hall with something large in his left pocket of his gray shorts." *See* Federal Bureau of Prisons (FBP) Incident Report No. 2047569, dated July 31, 2010 ("Incident Report"). After questioning "[i]t was discovered" that Petitioner "was attempting to exit Food Service with approximately six slices of Wheat Bread (Common Fare Items) in it's (*sic*) original plastic bag." *Id.* Investigation revealed that Petitioner was not on the common fare program. *Id.* Petitioner was charged with a violation of Code 219 (stealing, theft), a high severity level prohibited act. *Id.* at § 10. *See* 28 CFR § 541.3, Table 1, Prohibited Acts and Available Sanctions. Petitioner was given a copy of the Incident Report on July 31, 2010, was advised of his rights by the investigating officer, and stated that the report was true. Incident Report, §§ 23, 24.

The Unit Discipline Committee ("UDC") held a hearing on August 4, 2010. Incident Report, § 21. Based on the severity of the charge, the UDC referred the charge to the Disciplinary Hearing Officer ("DHO") for further hearing, with a recommendation that the charge be reduced to a code 305 (possession of contraband, a moderate severity prohibited act) or resolved informally. *Id.,* §§ 18-20. *See* 28 CFR § 541.3, Table 1. Petitioner received notice of the impending DHO hearing. *See* Notice of Discipline Hearing before the (DHO), dated August 4, 2010. Petitioner acknowledged receiving notice of the hearing, and indicated on the hearing form that he did not want to have a staff representative present and did not want to present witnesses. *Id.* Petitioner also acknowledged that he received a form listing his rights at the DHO hearing. *See* Inmate Rights at Discipline Hearing, dated Aug. 4, 2010.

2

The DHO hearing was held on August 11, 2011.  *See* DHO Report, Incident No. 2047569, dated Nov. 16, 2010 ("DHO Report").  Petitioner's due process rights were reviewed by the DHO during the hearing.  *Id.*, § V.  Petitioner told the DHO that he understood his rights, including the right to silence.  *Id.*  Petitioner did not submit any documentary evidence, and confirmed that he did not request witnesses or staff representation at the hearing.  *Id.*

The DHO found the Petitioner committed the offense of stealing.  DHO Report, § IV.  In coming to this conclusion, the DHO relied upon the reporting officer's statement in the Incident Report that Petitioner was observed attempting to leave the dining hall with six slices of bread in its original plastic bag. *Id.*, § V.  The DHO also relied on the statements by Petitioner in the Incident Report that the report was true and that he "had everything in plain sight, and did everything the Lieutenant said to do," and Petitioner's statement during the DHO hearing that he was "going to feed the birds.  It was left over bread, not common fare.  I never wear shorts.  I was wearing pants." *Id.*  The DHO disallowed 27 days good conduct time as sanction for the offense.  *Id.*   This sanction fell within the guidelines established by regulation and BOP policy because theft is categorized as a high severity violation, which permits the sanction of disallowance of between 25% and 50% (14-27 days) of good conduct time credit available for one year.  *See* 28 CFR § 541.13, Table 3.

Petitioner did not receive the DHO Report at the time of the hearing or for several months thereafter.  On August 23, 2010, Petitioner filed an inmate request to staff requesting a copy of the DHO report.  BOP staff responded that they did not yet have a copy of the report.  *See* Inmate Request to Staff, dated Aug. 23, 2010.  On August 30, 2010, Petitioner filed a regional administrative remedy appeal complaining of procedural

3

violations, including that he did not receive the DHO Report within 10 days of the hearing. *See* Regional Administrative Remedy Appeal, dated Aug. 30, 2010. The regional office rejected Petitioner's appeal on September 3, 2010, because Petitioner did not provide a copy of the DHO Report with his appeal. *See* Rejection Notice - Administrative Remedy, dated Sept. 3, 2010. Petitioner finally received the DHO Report on December 27, 2010 and resubmitted his regional office appeal the following day. *See* letter dated Dec. 28, 2010. On February 14, 2011 the regional office denied Petitioner's appeal on the merits, finding that the delay in receiving the DHO Report did not prejudice Petitioner's ability to appeal and therefore did not deny the Petitioner due process, and finding that evidence supported the finding of the DHO. *See* Regional Administrative Remedy Appeal, Part B - Response, dated Feb. 14, 2011.

Petitioner appealed the regional office's decision to the central office, Federal Bureau of Prisons Office of General Council, on March 15, 2011. On May 17, 2011, Petitioner's central office appeal was denied on the merits. *See* Administrative Remedy, No. 605810-A2, Part B - Response, dated May 17, 2011.

Petitioner filed his federal habeas petition on August 24, 2011.

## II.

Petitioner says that his federal procedural due process rights were violated by the sanction of 27 days good conduct time because the BOP failed to provide him with a written copy of the DHO's decision and disposition within ten days of the DHO's decision, in violation of BOP policy and federal regulation. As a remedy, Petitioner seeks an order vacating the BOP sanction disallowing 27 days of good conduct time. Respondent argues that Petitioner is not entitled to relief because the BOP did eventually provide the Petitioner

with the written decision and the failure of the BOP to provide Petitioner with the written decision within ten days of the hearing did not violate the his due process rights.

Petitioner is not entitled to habeas relief; his procedural due process rights were not violated by the BOP.  The Due Process Clause of the Fifth Amendment to the United States Constitution imposes minimal procedural requirements that must be satisfied in prison disciplinary proceedings for serious infractions that could result in the loss of acquired good time credits.  *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974).  However, prison disciplinary proceedings are not part of the criminal prosecution, and the full panoply of rights due to a defendant in a criminal prosecution, or those mandated for parole and probation revocation hearings, need not be followed in all respects. *Id.* at 556, 562. In the prison disciplinary context, due process requires only that the prisoner be given advanced written notice of the charges, an opportunity to present testimony and documentary evidence to an impartial decision-maker, and a written statement by the fact-finders of the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563-66.  Under certain circumstances, such as when an inmate is illiterate, due process may also require that the prisoner be provided with the opportunity for staff or inmate assistance. *Id.* at 570.

Petitioner acknowledges that he received advance written notice of the charges, an opportunity to present testimony and evidence to an impartial decision-maker and a written decision as to the evidence relied upon and the reasons for the sanctions.  He argues, however, that his due process rights were violated because the written decision by the DHO was not delivered to him until December 27, 2010, more than four and one-half months after the hearing.  He contends that this delay violated his due process rights because by BOP policy and regulation in place at the time of the sanction, the DHO was

required to give an inmate a written copy of the decision and disposition "ordinarily" within 10 days of the DHO's decision.  See 28 CFR § 541.17(g) (2010).[1]

The Sixth Circuit has not addressed the precise issue of the due process consequences of a delay in the receipt of the written report of the DHO following a hearing. Courts that have addressed the question, however, have uniformly held that a delay in receiving the written report following the institution of prison discipline does not rise to the level of a due process violation unless the prisoner can show that the delay prejudiced his ability to defend against the charges or delayed his ability to appeal past his release date. *See, e.g., Staples v. Chester*, 370 Fed. Appx. 925, 930 (10th Cir. Mar. 31, 2010); *Cook v. Warden, Fort Dix Corr. Inst.*, 241 Fed. Appx. 828, 829 (3rd Cir., June 20, 2007); *Corley v. Hogsten,* No. 0:11-00097-HRW, 2011 WL 3809939, *3 (E.D. Ky. Aug. 25, 2011); *Davis v. Zych*, No. 2:08-CV-13962, 2010 WL 5015383, *3 (E.D. Mich. Dec. 3, 2010) (Battani, J.). Once he received the DHO Report, Petitioner was able to appeal the DHO's decision, and his appeal was addressed on the merits.  Petitioner was not prejudiced in his ability to defend against the charges, and the delay did not cause prejudice to the Petitioner in light of his projected release date of February 2016.  The late receipt of the DHO Report, therefore, did not violate Petitioner's right to due process of law.

Petitioner argues that this Court should find that he was prejudiced because he was deprived of a right given him by policy and regulation to receive the DHO Report within ten days of the decision.  Petitioner's argument is not persuasive for two reasons.  First, the

---

[1] This regulation has since been rescinded.  The current version of the regulation, effective June 20, 2011, omits the requirement that the written report be delivered to the inmate ordinarily within 10 days of the hearing.  See 28 CFR § 541.8.

regulation existing at the time he appealed the DHO decision requires the prisoner receive the written decision "ordinarily" within ten days of the decision; it does not require that the DHO provide the written decision within that time frame or grant the Petitioner a due process right to receive the decision within ten days. Second, even if the BOP had violated the regulation in failing to provide Petitioner with the written DHO report within ten days, Courts that have addressed the issue uniformly have found that a lapse of time in providing a written report does not warrant habeas relief unless the delay actually impeded the prisoner's ability to appeal the decision or prevented the prisoner's ability to appeal before his projected release date. Here, the Petitioner was able to appeal the decision of the DHO on the merits, and his appeal was completed well before his projected release date. Petitioner, thus, cannot establish legal prejudice resulting from the BOP's delay in forwarding the written report, and therefore the delay did not deprive him of his right to due process.

### III.

The petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 6, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record and Louis Marino by electronic means or U.S. Mail on December 6, 2011.

S/Linda Vertriest
Deputy Clerk